FILED & CERTIFIED
JEFFREY A. APPERSON, CLERK
U.S. DISTRICT COURT
W/D of KENTUCKY

Date: Feb 05, 2010

By: Andrea Kash
    Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: SIGG SWITZERLAND (USA), INC., ALUMINUM
BOTTLES MARKETING AND SALES PRACTICES
LITIGATION                                                                    MDL No. 2137

### TRANSFER ORDER

    **Before the entire Panel**[*]: Defendants[1] in five actions move, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of the actions listed on Schedule A in the Western District of Kentucky or, alternatively, the District of Minnesota. Plaintiffs in the Central District of California action support centralization in the Central District of California or, alternatively, the Northern District of California. Plaintiffs in the remaining four actions support centralization in the Western District of Kentucky or, alternatively, the Northern District of California.

    The defendants' motion encompasses an action each in the Central District of California, the Northern District of California, the Southern District of California, the Western District of Kentucky, and District of Minnesota.[2]

    Plaintiffs in MDL No. 1967 -- IN RE: Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation, like their arguments in MDL No. 2128 -- IN RE: Gaiam, Inc., Water Bottle Marketing, Sales Practices and Products Liability Litigation, oppose the motion for centralization of the present litigation and argue that the Panel should instead transfer these five actions to the Western District of Missouri for inclusion in MDL No. 1967. All parties in the actions before the Panel, as well as defendants in MDL No. 1967,[3] oppose inclusion of these five actions in MDL No. 1967.

---

    [*]  Judges Heyburn and Hansen did not participate in the decision of this matter.

    [1]  SIGG Switzerland (USA), Inc., and SIGG Switzerland (USA) Brands, Inc. (collectively SIGG).

    [2]  The parties have notified the Panel of a related action pending in the Western District of Kentucky. This action and any other related actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

    [3]  Responding defendants from MDL No. 1967 are Evenflo Co., Inc.; Philips Electronics North America Corp.; Gerber Products Co.; Handi-Craft Co.; Nalge Nunc International Corp.; Playtex

(continued...)

- 2 -

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 in the Western District of Kentucky will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions involve common factual questions arising from SIGG's alleged representations that its reusable aluminum bottles were BPA-free. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We are not persuaded that these five actions share sufficient questions of fact with the actions in MDL No. 1967 to warrant inclusion in that litigation. All actions concern products that are alleged to contain BPA. The actions before the Panel, however, involve parties, facts and theories different from those in the actions in MDL No. 1967. Plaintiffs in MDL No. 1967 allege that various defendants manufactured, sold or distributed polycarbonate plastic bottle products containing BPA without disclosing its possible harmful effects. *See In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation*, 571 F.Supp.2d 1374 (J.P.M.L. 2008). Plaintiffs in the five actions before the Panel, on the other hand, allege that SIGG – and only SIGG – affirmatively misrepresented its reusable aluminum water bottles as free from BPA.

Moreover, all parties to the actions before the Panel and the defendants in MDL No. 1967 oppose inclusion of these actions in that litigation, and MDL No. 1967 has progressed for well over a year. Incorporating five actions only peripherally related to the claims in MDL No. 1967 at this stage would not serve the purposes of Section 1407.

The Western District of Kentucky, where the first-filed action is pending, stands out as an appropriate transferee forum. This district offers a relatively geographically convenient location for this litigation that involves four purported nationwide class actions. In addition, plaintiffs in most actions as well as defendants support centralization there.

---

[3](...continued)
Products, LLC; and RC2 Corp.

- 3 -

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Western District of Kentucky are transferred to the Western District of Kentucky and, with the consent of that court, assigned to the Honorable John G. Heyburn II for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

                          PANEL ON MULTIDISTRICT LITIGATION

                          _____
                              Robert L. Miller, Jr.
                                Acting Chairman

| | |
|---|---|
| John G. Heyburn II, Chairman[*] | Kathryn H. Vratil |
| David R. Hansen[*] | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | David G. Trager |

**IN RE: SIGG SWITZERLAND (USA), INC., ALUMINUM BOTTLES MARKETING AND SALES PRACTICES LITIGATION**                                                          MDL No. 2137

## SCHEDULE A

<u>Central District of California</u>

Fawn Fredrickson, et al. v. SIGG Switzerland (USA), Inc., et al., C.A. No. 2:09-7316

<u>Northern District of California</u>

Jared Brandt, et al. v. SIGG Switzerland (USA), Inc., et al., C.A. No. 3:09-4981

<u>Southern District of California</u>

Laure Brost v. SIGG Switzerland (USA), Inc., C.A. No. 3:09-2602

<u>Western District of Kentucky</u>

Allison Johnson, et al. v. SIGG Switzerland (USA), Inc., C.A. No. 3:09-669

<u>District of Minnesota</u>

Stephanie Matz v. SIGG Switzerland (USA), Inc., C.A. No. 0:09-3410